**KIMBERLY C. LAU (*pro hac vice* pending)**
**GRANT R. CORNEHLS (GC-6123)**
**JAMES E. FIGLIOZZI (*pro hac vice* pending)**
**WARSHAW BURSTEIN, LLP**
575 Lexington Avenue
New York, New York 10022
(212) 984-7700
*Attorneys for Plaintiff John Doe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------X
JOHN DOE,

       **Plaintiff,**

   -against-

**RUTGERS, THE STATE UNIVERSITY**
**OF NEW JERSEY**

       **Defendant.**
-------------------------------------------------------X

Civil Action No:

Motion Date: December 18, 2023

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO PROCEED PSEUDONYMOUSLY</u>**

**WARSHAW BURSTEIN LLP**
*Attorneys for Plaintiff*
575 Lexington Avenue
New York, New York 10022
(212) 984-7700

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT………………………………………………………………….1

STATEMENT OF FACTS……………………………………………………………………...1

LEGAL STANDARD……………………………………………………………………….4

LEGAL ARGUMENT………………………………………………………………………5

    I.    John's Identity Has Been Kept Confidential………………………………..5

    II.    The Bases For Avoiding Disclosure Are Significant And Substantial…………….…..6

    III.    Public Interest Supports Anonymity………………………………………..7

    IV.    Plaintiff Has No Illegitimate Or Ulterior Motive In Seeking Anonymity……….…….8

    V.    The Remaining *Megless* Factors Supporting Anonymity Do Not Apply…..………..…9

    VI.    The *Megless* Factors That Cut Against Anonymity Do Not Outweigh The *Megless* Factors that Support The Award Of A Pseudonym……………………..………..9

CONCLUSION……………………………………………………………………...10

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Doe v. Evans*,
   202 F.R.D. 173 (E.D. Pa. 2001) ...................................................................................... 6, 8

*Doe v. Hartford Life & Acc. Ins. Co.*,
   237 F.R.D. 545 (D.N.J. 2006) ......................................................................................... 9,10

*Doe v. Megless*,
   654 F.3d 404 (3d Cir. 2011) ............................................................................................ 4,5

*Doe v. Princeton Univ.*, ("*Doe v. Princeton I*"),
   No. CV 19-7853 (BRM), 2019 WL 5587327 (D.N.J. Oct. 30, 2019) .............................. *passim*

*Doe v. Princeton Univ.*, ("*Doe v. Princeton II*"),
   No. CV 20-4352 (BRM), 2020 WL 3962268 (D.N.J. July 13, 2020) .............................. *passim*

*Doe v. Provident Life & Acc. Ins. Co.*,
   176 F.R.D. 464 (E.D. Pa. 1997) ...................................................................................... 4,5

*Doe v. Rutgers*,
   No. 2:18-CV-12952-KM-CLW, 2019 WL 1967021 (D.N.J. Apr. 30, 2019) .................... *passim*

*Doe v. Trishul Consultancy, LLC*,
   No. CV1816468FLWZNQ, 2019 WL 4750078 (D.N.J. Sept. 30, 2019) .............................. 7, 8

**PRELIMINARY STATEMENT**

This is an action for violations of Title IX of the Education Amendments of 1972. For the reasons set forth below, Plaintiff John Doe respectfully requests that this Court issue an Order granting him leave to proceed in this action under a pseudonym.

**STATEMENT OF FACTS**

John is a former Rutgers student who was previously romantically involved with Jane Roe[1], a current Rutgers student. Complaint at ¶¶ 12-14, 31-33. John and Jane were involved in a non-exclusive sexual relationship from August 2021 to November 2021. Complaint at ¶ 31. This arrangement evolved into an exclusive dating relationship from November 2021 to January 2022. Complaint at ¶ 32. In January 2022, John told Jane that he wanted to take a break from dating exclusively, and their relationship reverted to a non-exclusive sexual relationship, which lasted until May 2022. Complaint at ¶ 33. At the end of the Spring 2022 semester, John and Jane parted amicably and intended to remain friends over the summer. Complaint at ¶ 45. The pair were also assigned a scene to be performed in September of 2022 that they were expected to rehearse over the summer. Complaint at ¶ 47. However, during the summer of 2022, Jane unexpectedly and unilaterally ended the relationship when she blocked John on social media without any warning or explanation. Complaint at ¶ 48.

After she blocked John, Jane began spreading false rumors about John. Complaint at ¶ 49. Specifically, during the summer of 2022 and throughout the 2022-2023 school year, Jane falsely asserted that John sexually assaulted her and otherwise abused and harassed her during their relationship. Complaint at ¶¶ 50-51. Jane spread these false rumors both to Rutgers students and

---

[1] "Jane Roe" is a pseudonym to protect this non-party's confidentiality. Rutgers knows Jane Roe's true identity.

1

faculty members.  Complaint at ¶¶ 52-59.  As a result of Jane's behavior, John's classmates threatened to physically harm John, contacted the Rutgers University Police Department to request campus security present near John's classes in an attempt to intimidate him, and encouraged each other to send emails to Rutgers administrators protesting John's return.  Complaint at ¶¶ 70-83.  One of John's professors also filed a baseless report against John as a result of Jane's conduct.  Complaint at ¶¶ 66-69.

"Stalking" is considered "Covered Sexual Harassment" under the Rutger's Title IX policy.  Complaint at ¶ 19.  Pursuant to the Rutgers Title IX Policy, Stalking is defined as follows:

> Stalking (as defined in the VAWA amendments to the Clery Act), meaning engaging in a course of conduct directed at a specific person that would cause a reasonable person to: (A) fear for their safety or the safety of others; or (B) suffer substantial emotional distress.

Complaint at ¶ 20.  The Rutgers Title IX Policy further explains that a "course of conduct" means two or more acts, including, but not limited to, acts which the stalker directly, indirectly, or through third parties, by any action, method, device, or means communicates to or about, a person.  Complaint at ¶ 22.  The Rutgers Title IX Policy also notes that "reasonable person" means "a reasonable person under similar circumstances and with similar identities to the victim."  Complaint at ¶ 23.  According to the Rutgers Title IX Policy, "substantial emotional distress" means "significant mental suffering or anguish that may, but does not necessarily, require medical or other professional treatment or counseling."  Complaint at ¶ 24.  Jane's conduct constituted Stalking as defined by Rutgers' Title IX Policy.  Complaint at ¶¶ 49-59, 64-89, 110-131.

In September of 2022, John told two Rutgers professors, Cameron Knight and Deb Jackel, that Jane was engaging in behavior barred by Rutgers' Title IX Policy, namely, spreading false rumors about him based on their prior relationship that was causing him substantial emotional distress.  Complaint at ¶¶ 60-61.  On October 17, 2022, John had a meeting with Knight, Ellen

Bredehoft (the Chair of the Rutgers Theater Department), and Christine Whalen (a Rutgers Academic Advisor and Student Success Counselor) to discuss the threats levied against John and the retaliatory behavior planned by his fellow students. Complaint at ¶ 88. During this meeting, John informed Knight, Bredehoft, and Whalen that Jane was engaging in behavior barred by Rutgers' Title IX Policy. Complaint at ¶ 88. Bredehoft even acknowledged that Jane's conduct was putting John in danger, stating that it was "not safe" for John at Rutgers and encouraging him to take a leave of absence from the program. Complaint ¶ 89.

According to the Rutgers Title IX Policy, "all University employees who are not designated as Confidential Resources are required to notify a Title IX Coordinator upon receipt of a report of alleged Covered Sexual Harassment from a student." Complaint at ¶ 27. The Rutgers Title IX Policy also notes, "<u>Any</u> University employee (other than the confidential resources identified in Appendices A and B) who receives a report about conduct prohibited by this Policy involving a student is required to inform the appropriate Title IX Coordinator about the incident." Complaint at ¶ 28. Knight, Jackel, Bredehoft, and Whalen were not "confidential resources" as defined by the Rutgers Title IX Policy when John made them aware of Jane's prohibited conduct. Complaint at ¶¶ 29-30, 60-61, 88-97, 104-109. Despite the clear directive in the Rutgers Title XI Policy, Knight, Jackel, Bredehoft, and Whalen failed to notify or inform the Rutgers Title IX Coordinator about Jane's behavior. Complaint at ¶ 27-28, 60-61, 88-97, 104-109. Rutgers did, however, file a Title IX complaint against John on Jane's behalf, even though Jane explicitly stated that she did not want to initiate a Title IX process. Complaint at ¶¶ 132-135.

On December 16, 2022, John told Rutgers Title IX investigators Bill Spear and Donald Moore that Jane physically assaulted him at a party on September 11, 2021. Complaint at ¶¶ 148-

3

149. The Rutgers Title IX Policy lists "Dating Violence" as a form of Covered Sexual Harassment. Complaint at ¶ 25. The Rutgers Title IX Policy defines Dating Violence as follows:

> Dating violence (as defined in the Violence Against Women Act ("VAWA") amendments to the Clery Act), which includes any violence committed by a person: (A) who is or has been in a social relationship of a romantic or intimate nature with the victim; and (B) where the existence of such a relationship shall be determined based on a consideration of the following factors: (i) the length of the relationship; (ii) the type of relationship; (iii) the frequency of interaction between the persons involved in the relationship.

Complaint at ¶ 26. Jane's physical assault of John on September 11, 2021 constituted Dating Violence. Complaint at ¶¶ 25-26, 148-149. At the time that John made this report of Dating Violence, Spear was the Lead Investigator in Rutgers' Title IX Office and Moore was an Investigator in the Rutgers Title IX Office; therefore, they knew or should have known that the Rutgers Title IX Policy required them to report this instance of Dating Violence to the Title IX Coordinator even if John did not wish to file a formal complaint. Complaint at ¶¶ 148-150. In violation of the Rutgers Title XI Policy, Spear and Moore both failed to report this instance of Dating Violence by Jane to the Rutgers Title IX Coordinator. Complaint at ¶¶ 151-152.

Following a flawed investigation, hearing, and appeal process, John was incorrectly found responsible for Stalking and Dating Violence. Complaint at ¶¶ 137-296. As a result of this improper finding, John was suspended from Rutgers for two years. Complaint at ¶¶ 269, 276.

## LEGAL STANDARD

The Third Circuit has adopted a nine-factor test for determining whether a party should be entitled to the use of a pseudonym. *See Doe v. Megless*, 654 F.3d 404, 409-10 (3d Cir. 2011) (adopting and endorsing the nine-factor test first utilized in *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)). There are six factors that weigh in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the

> confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409; *see also Provident Life*, 176 F.R.D. at 467-68 (noting the same factors that support anonymity). The three factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409; *see also Provident Life*, 176 F.R.D. at 468 (noting the same factors that weigh against anonymity).

## **LEGAL ARGUMENT**

As detailed below, the application of the *Megless* test to the facts of this matter supports the granting of this Motion.

### I.   John's Identity Has Been Kept Confidential

John's true identity has not been made public, nor has he discussed his claims in public or in the media. The first *Megless* factor "weighs in favor [of] plaintiffs who make substantial efforts to maintain anonymity and limi[t] the disclosure of sensitive information to few other people." *Doe v. Rutgers*, No. 2:18-CV-12952-KM-CLW, 2019 WL 1967021 at *2 (D.N.J. Apr. 30, 2019) (internal quotations and citation omitted) (second instance of bracketed text in original). John has certainly done so here. As in *Doe v. Rutgers*, the "vast majority" of the people who know John's true identity "were involved either in the underlying facts or in the [Title IX investigation]" at issue. *Id.*; Complaint at ¶¶ 49-59, 139-141, 143-144, 146-147, 153, 171; Declaration of John Doe at ¶¶ 3, 9, 17-19, 21-25. Accordingly, this factor supports John's request for anonymity.

5

## II. The Bases For Avoiding Disclosure Are Significant And Substantial

Under the second *Megless* factor supporting anonymity, "the court looks to the bases upon which Plaintiff fears disclosure of [his] identity, and the substantiality of these bases," and the extent to which a plaintiff asserts a reasonable fear of "severe harm that exceeds mere embarrassment." *Doe v. Rutgers*, 2019 WL 1967021 at *2 (internal quotations and citations omitted). This factor favors the award of a pseudonym where a plaintiff alleges "a particularized and 'well-founded' concern that [he] will experience severe emotional distress and mental anguish if [his] name is revealed publicly." *Id*. at *3. Here, John maintains that, due to his status as a victim of sexual misconduct, litigating this matter using his real name will cause him to suffer substantial emotional distress, mental anguish, and anxiety in addition to humiliation at the new university he was forced to transfer to as a result of Rutgers' actions. Declaration of John Doe at ¶¶ 12-13, 20-27. Accordingly, John has satisfied the requirements of the second *Megless* factor. *See Doe v. Rutgers*, 2019 WL 1967021 at *3 (holding that contentions that a plaintiff will suffer "emotional distress, mental anguish, anxiety ... [and] humiliation" goes beyond a boilerplate assertion of mere embarrassment and supports the award of a pseudonym); *see also Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001), (finding that "fear of increased embarrassment, humiliation, and emotional distress" if friends and colleagues learned about a prior instance when plaintiff was sexually assaulted "is well-founded" and supports the award of a pseudonym); *Doe v. Princeton Univ.*, No. CV 19-7853 (BRM), 2019 WL 5587327 at *4 (D.N.J. Oct. 30, 2019) ("*Doe v. Princeton I*") (holding that "victims of sexual assault are a vulnerable class worthy of protected status" and that "alleged victim status weighs" the second *Megless* factor in favor of anonymity); *Doe v. Princeton Univ.*, No. CV 20-4352 (BRM), 2020 WL 3962268 at *4 (D.N.J. July 13, 2020) ("*Doe v. Princeton II*") (finding that plaintiff's allegations that he was a victim of intimate partner

6

violence made him a member of the "vulnerable class [of sexual assault victims] worthy of protected status" and entitled to anonymity).

This Court has clearly held that this factor weighs in favor of a plaintiff's motion for anonymity where the plaintiff alleges that he has been a victim of intimate partner violence. *Doe v. Princeton II*, No. 2020 WL 3962268 at *3-*4. In *Doe v. Princeton II*, the plaintiff was accused of engaging in intimate partner violence but also alleged "that he, himself, was a victim of intimate partner violence perpetrated by Jane, and that Defendants failed to bring any disciplinary action against her." *Doe v. Princeton II*, 2020 WL 3962268 at *4. The exact same situation exists here. While John was falsely accused of committing Dating Violence (in other words, intimate partner violence), he also alleges that he was a victim of Dating Violence (in other words, intimate partner violence) perpetrated by Jane and that Rutgers failed to bring any disciplinary action against Jane. Complaint at ¶¶ 148-152, 157; Declaration of John Doe at ¶¶ 2-16. In *Doe v. Princeton II*, this Court determined that this fact pattern supported the award of a pseudonym. *Doe v. Princeton II*, 2020 WL 3962268 at *4. There is no basis for deviating from case precedent here. Based on the foregoing, is it clear that the second *Megless* factor further supports the award of a pseudonym in this case.

### III. Public Interest Supports Anonymity

"Courts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization." *Doe v. Trishul Consultancy, LLC*, No. CV1816468FLWZNQ, 2019 WL 4750078 at *4 (D.N.J. Sept. 30, 2019); *see also Doe v. Rutgers*, 2019 WL 1967021 at *3 (explaining that "There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs"); *Doe v. Princeton I*, 2019 WL 5587327 at *5 (finding that allegations that plaintiff is a

7

victim of sexual assault support weigh in plaintiff's favor when determining whether to grant anonymity); *Doe v. Princeton II*, 2020 WL 3962268 at *4 (holding that because plaintiff's claims "include allegations in which he is a victim of intimate partner violence . . . [the third *Megless*] factor weighs in favor of granting Plaintiff's motion" seeking a pseudonym); *Doe v. Evans*, 202 F.R.D. at 176 (holding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights").  Here, John maintains that he suffered sexual harassment – in the form of Stalking and Dating Violence as defined by the Rutgers Title IX Policy – and that Rutgers failed to investigate and adjudicate his claims.  Complaint at ¶¶ 25-30, 49-61, 64-97, 104-131, 148-152.  John further maintains that Rutgers violated federal law by failing to investigate and adjudicate his claims of sexual harassment.  Complaint at ¶¶ 297-352.  Public policy dictates that John should be permitted to proceed in this matter using a pseudonym, not only to vindicate his claims of being the victim of sexual misconduct without fear of public humiliation and revictimization but also to encourage other men who have suffered similar instances of sexual misconduct to seek redress for violations of their civil rights, especially when they are violated by a large state institution such as Rutgers. *Doe v. Trishul Consultancy, LLC*, 2019 WL 4750078 at *4; *Doe v. Rutgers*, 2019 WL 1967021 at *3; *Doe v. Princeton I*, 2019 WL 5587327 at *5; *Doe v. Princeton II*, 2020 WL 3962268 at *4; *Doe v. Evans*, 202 F.R.D. at 176.  This is yet another factor that supports the award of a pseudonym in this case.

    **IV.**    **Plaintiff Has No Illegitimate Or Ulterior Motive In Seeking Anonymity**

This Court has determined that a plaintiff's request to proceed anonymously "based on the intimate subject matter at issue concerning aspects of [a] sexual relationship as well as his fear of severe stigma associated with being accused of intimate partner violence" indicates a lack of any

8

illegitimate or ulterior motive and supports the award of a pseudonym. *Doe v. Princeton II*, 2020 WL 3962268 at *5; *see also Doe v. Princeton I*, 2019 WL 5587327 at *6 (finding that plaintiff's reliance on the "sensitive nature of the issues involved as well as his fear of severe stigma associated with being accused of sexual assault should he proceed openly" as a basis for awarding a pseudonym was reasonable and indicative of a lack of any illegitimate or ulterior motive). Here, John seeks anonymity for the same reasons. Declaration of John Doe at ¶¶ 28-30. Accordingly, the sixth *Megless* factor also supports the granting of a pseudonym.

### V. The Remaining *Megless* Factors Supporting Anonymity Do Not Apply

John concedes that this matter is not purely legal but instead involves fact-specific issues and, therefore, the fourth *Megless* factor does not weigh in favor of his request to proceed pseudonymously. While John is willing to continue his case against Rutgers should the Court determine he is not entitled to a pseudonym, he maintains that other similarly situated plaintiffs will be deterred from bringing cases like his if they are required to do so openly. Declaration of John Doe at ¶ 31. Accordingly, the fifth *Megless* is neutral. *Doe v. Princeton II*, 2020 WL 3962268 at *5 (accepting that plaintiff's argument that similarly situated individuals falsely accused of abuse, subjected to a judicial investigation, and given a disproportionate sanction "may be deterred from turning to the court to exonerate themselves" makes the fifth *Megless* factor neutral).

### VI. The *Megless* Factors That Cut Against Anonymity Do Not Outweigh The *Megless* Factors that Support The Award Of A Pseudonym

John concedes that there is a universal level of public interest in access to the identities of litigants but maintains that "this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of [his] use of a pseudonym." *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. 2006). As detailed above, the majority of the *Megless* factors that support anonymity weigh in John's favor. Sections I.-IV., *supra*. Moreover, John is

9

not a public figure, a fact that weakens any public interest in knowing his true identity. *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. at 551; *see also Doe v. Princeton I*, 2019 WL 5587327 at *6 (finding that because plaintiff was not a public figure, "there is no reason that the public interest is heightened beyond its typically strong interest in public proceedings" and "this factor does not weigh against Plaintiff's request to proceed anonymously"); *Doe v. Princeton II*, 2020 WL 3962268 at *5 (same).

Regarding the subject matter of the litigation, as detailed above, Plaintiff has established himself as a member of a particularly vulnerable class (a victim of intimate partner violence), and the Complaint contains detailed information about highly personal matters. Complaint at ¶¶ 25-26, 34-41, 49-59, 148-149. As a result, public interest weighs in favor of anonymity, and permitting John to proceed using a pseudonym "while preserving the public's right to access the docket and proceedings in this case strikes the appropriate balance between" any competing public interests. *Doe v. Rutgers*, 2019 WL 1967021 at *4.

John is not aware of any opposition to the use of a pseudonym by the public or the press. Declaration of John Doe at ¶ 32. At this time, it is unclear whether Rutgers will be opposing the instant request, so it is not possible for John to assess the legitimacy of any objection that may or may not be presented. Accordingly, this factor does not cut against the award of a pseudonym in this case. *See Doe v. Rutgers*, 2019 WL 1967021 at *4 (awarding pseudonym where the Court was "not aware of any opposition to Plaintiff's use of a pseudonym by Rutgers, the public, or the press").

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to proceed under a pseudonym and granting him such additional relief

as the Court may deem just and proper.

Dated: New York, New York
November 15, 2023

        **WARSHAW BURSTEIN, LLP**
         *Attorneys for Plaintiff*

By: /s/ Grant R. Cornehls_____
    Kimberly C. Lau (*pro hac vice* pending)
    Grant R. Cornehls (GC-6123)
    James E. Figliozzi (*pro hac vice* pending)
    575 Lexington Avenue
    New York, New York 10022
    (212) 984-7700
    klau@wbny.com
    gcornehls@wbny.com
    jfigliozzi@wbny.com