UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,** | |
| Plaintiff(s), | Civil No. 23-22385 (ZNQ)(DEA) |
| v. | **ORDER** |
| **RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY,** | |
| Defendant(s). | |

This matter comes before the Court on a motion by Plaintiff John Doe for leave to proceed pseudonymously in this action. Defendant Rutgers, The State University of New Jersey ("Rutgers") has not opposed the motion. The Court decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, Doe's motion is granted.

**I. Background**

According to the Complaint,[1] Doe is a former Rutgers student who was previously romantically involved with Jane Roe,[2] a current student at Rutgers. ECF No. 1 at ¶¶ 12-14, 31-33. The pair broke up in the spring of 2022. *Id.* at ¶ 45. Sometime thereafter, Doe alleges that Roe began spreading false rumors that Doe sexually assaulted her and otherwise abused and harassed her during their relationship. *Id.* at ¶¶ 50-51. Consequently, Doe's classmates threatened to physically harm him, attempted to intimidate him, and protested Doe's return to campus after a brief leave of absence while encouraging other students to do the same. *Id.* at ¶¶ 70-83. A

---

[1] The facts recited here are taken from the Complaint and do not represent factual findings of the Court.
[2] Plaintiff has used a pseudonym to protect the identity of the non-party.

professor allegedly filed a baseless report against Doe as a result of Roe's false rumors. *Id.* at ¶¶ 66-69.

Doe contends that Roe's actions against him constituted "Stalking" as defined by Rutgers' Title IX Policy.[3] The school's Title IX Policy requires staff members who receive information about conduct prohibited by the Policy to report the same to a Title IX Coordinator. *Id.* at ¶ 28.  In September of 2022, Doe reported Roe's conduct to two Rutgers faculty members. *Id.* at ¶¶ 60-61. Neither reported Roe to the Rutgers Title IX office. *Id.* at ¶¶ 62-63. A Rutgers Academic Advisor and Student Success Counselor with knowledge of Roe's conduct also failed to make any report to the Rutgers Title IX office. *Id.* at ¶ 91. Similarly, when Doe reported to a Rutgers' Title IX investigator that Roe assaulted him at a party in September 2021, this incident was not reported to a Title IX Coordinator. *Id.* at ¶¶ 149, 152. Rutgers did, however, file a Title IX complaint against Doe on Roe's behalf. *Id.* at ¶¶ 132-135.

Doe was ultimately charged with Dating Violence, Domestic Violence, and Stalking under the Title IX Policy. *Id.* at ¶ 157. As a result of what Doe alleges was a flawed investigation, hearing, and appeal process, Doe was found responsible for Stalking and Dating Violence and was suspended from Rutgers for two years. *Id.* at ¶¶ 137-296. Doe brings this action alleging that Rutgers unlawfully discriminated against him based upon his sex in violation of Title IX of the Education Amendments of 1972. He seeks to proceed in this matter anonymously.

---

[3] As set forth in the Complaint, the Rutgers Title IX Policy defines stalking as follows: "Stalking (as defined in the VAWA amendments to the Clery Act), meaning engaging in a course of conduct directed at a specific person that would cause a reasonable person to: (A) fear for their safety or the safety of others; or (B) suffer substantial emotional distress."  ECF No. 1 at ¶ 20.

**II. Analysis**

It has been long recognized that "one of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). As such, under Federal Rule of Civil Procedure 10, parties to a lawsuit are required to identify themselves by name in their respective pleadings. Fed R. Civ. P. 10(a); *Megless*, 654 F.3d at 408 (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). This Rule is illustrative of "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Third Circuit has noted that identification of parties to a lawsuit "is an important dimension of publicness," as "[t]he people have a right to know who is using their courts." *Id.* (quoting *Blue Cross*, 112 F.3d at 872). Allowing a litigant to proceed under a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

Although the Federal Rules of Civil Procedure make no provision for pseudonymous litigation, the Third Circuit has acknowledged that exceptional circumstances may justify allowing a litigant to proceed anonymously. *Id.* Generally, to be permitted to proceed anonymously, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). "When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.*

6

In *Megless*, the Third Circuit adopted the nine-factor test for the use of pseudonyms. The court emphasized that the nine factors are non-exhaustive and directed courts to consider the facts and particular circumstances of each case in determining whether to grant a request to proceed under a pseudonym. *Id.* at 409-410. As set forth in *Megless*, "factors in favor of anonymity include" the following:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (citing *Provident Life*, 176 F.R.D. at 467-68). The factors that weigh against granting anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is legitimately motivated.

*Id.*

The Court has considered all of the above factors and find they weigh in favor of granting Plaintiff's motion and allowing him to proceed under a pseudonym. It appears that Plaintiff has been diligent in his attempts to prevent disclosing to the public his involvement in this case and the underlying proceeding. Plaintiff immediately sought to maintain his anonymity in this action by filing the present motion the same day the Complaint was filed. Plaintiff states that he has "made every possible effort to keep [his] identity private and ha[s] not disclosed any details of

the Rutgers Title IX process to anyone other than [his] parents, [his] legal counsel, and individuals who were involved in the Title IX process." ECF No. 2-2 ¶ 18. He further has "not disclosed the details of this litigation … with anyone other than [his] parents and [his] legal counsel." *Id.* at ¶ 19.

Plaintiff has raised particularized concerns regarding the fear of stigma as well as mental and emotional harm, and there is no indication that Plaintiffs' fears are unjustified or have been fabricated based on any ulterior motive. Doe alleges that he is "seeking the protection of a pseudonym in an effort to maintain [his] mental health and avoid further agony and apprehension that [he has] unfortunately had to live with since Rutgers incorrectly branded [him] as a perpetrator of sexual misconduct." ECF No. 2-2 at ¶ 29. Indeed, it is reasonable for Plaintiff to fear that "whatever the outcome of the action, public identification will subject him to severe reputational harm and harassment, and will defeat the very purpose of this litigation." *Doe v. Trustees of Dartmouth Coll.*, No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018). Further, at least one court has noted that "there is authority for the proposition that precluding pseudonymous litigation in college disciplinary cases may have a chilling effect on future plaintiffs who seek to challenge the adequacy of the process." *Id.*

Importantly, Title IX disciplinary proceedings are generally conducted confidentially. By enacting the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, Congress sought to prevent educational institutions from unilaterally disclosing "sensitive information about students," *Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 534 U.S. 426, 428, 122 S.Ct. 934, 151 L.Ed.2d 896 (2002), which information typically includes student disciplinary records. *See Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 76 (1st Cir. 2022). As such, one court recently noted that

> [i]n federal suits that amount to collateral attacks on Title IX proceedings, a full appreciation of the public's interest in transparency must factor in the choice by Congress and the Department [of Education] to inhibit a school's disclosure of private information, such as the name of an accused student. After all, "[i]t makes little sense to lift the veil of pseudonymity that — for good reason — would otherwise cover these proceedings simply because <u>the university</u> erred and left the accused with no redress other than a resort to federal litigation."

*Massachusetts Inst. of Tech.*, 46 F.4th at 76 (quoting *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (emphasis in original)).

Overall, having carefully considered all of the requisite factors, the Court finds is appropriate to grant the relief sought by Plaintiff. Accordingly,

**IT IS** on this 18th day of January 2024

**ORDERED** that Plaintiff's motion to proceed under a pseudonym [ECF No. 2] is GRANTED.

.

<u>s/ Douglas E. Arpert</u><br>
DOUGLAS E. ARPERT<br>
United States Magistrate Judge

--terminates ECF No. 2