

Amy L. Piccola
Phone:  (215) 972-8405
Fax:  (215) 972-1871
Amy.Piccola@saul.com
www.saul.com

January 22, 2024

**VIA ECF**
Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ  09608

      RE:    <u>John Doe v. Rutgers, Case No. 2:23-cv-22385-ZNQ-DEA</u>

Dear Judge Quraishi:

      Saul Ewing LLP represents Rutgers, the State University of New Jersey, in the above-captioned matter. Per Your Honor's Rules and Procedures, Rutgers respectfully requests a pre-motion conference in advance of filing its anticipated motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Background and Procedural History

      Plaintiff alleges that the University discriminated against him on the basis of sex in violation of Title IX when it investigated and found Plaintiff responsible for multiple alleged violations of its Title IX Policy. (Doc. 1 ("Compl.")). Plaintiff premises his claim on the assertion that the Title IX process was impacted by "anti-male gender bias," alleging that: (1) a faculty member posted on her Facebook page "Believe women. Period," which post was subsequently commented on by another faculty member (*id.* ¶¶ 98-103); (2) Rutgers failed to report or investigate Plaintiff's allegations that the Title IX complainant physically assaulted him (*id.* ¶¶ 149-52); and (3) Rutgers was under pressure to respond aggressively to allegations by female complainants against male respondents in light of the Department of Education's (now rescinded) 2011 Dear Colleague Letter (the "DCL") and the results of an internal campus survey. (*Id.* ¶¶ 335-43). These allegations are conclusory or otherwise belied by other allegations in the Complaint, and do not plausibly suggest that gender bias was a motivating factor behind the Title IX process or outcome. The allegations are thus insufficient to state a claim under either the "selective enforcement" or "erroneous outcome" theory of Title IX liability alleged in the Complaint.

### B. Plaintiff Fails to State a Title IX Claim Against Rutgers

      1.    <u>*Plaintiff fails to sufficiently allege gender bias*</u>. Regardless of the underlying theory, to state a Title IX claim, Plaintiff must allege facts that support a plausible inference that Rutgers discriminated against him on the basis of sex, and that sex was "a motivating factor in the decision to discipline." *Doe v. Princeton Univ.*, No. CV225887RKDEA, 2023 WL 8755232, at *6 (D.N.J. Dec. 19, 2023) (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 209 (3d Cir. 2020)). "Allegations

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

that may support gender bias include statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." *Verdu v. Trustees of Princeton Univ.*, No. CV 19-12484 (FLW), 2020 WL 1502849, at *4 (D.N.J. Mar. 30, 2020), *aff'd*, No. 20-1724, 2022 WL 4482457 (3d Cir. Sept. 27, 2022) (internal quotations omitted). Plaintiff fails to allege any such facts.

*First*, concerning Plaintiff's allegations about the Facebook post, the faculty members named by Plaintiff are not alleged to have been investigators or decisionmakers in the Title IX proceedings. In any event, that a couple of faculty members might feel that women should be believed does not amount to an "atmosphere of anti-male bias at Rutgers" or a belief that women "must be believed no matter what" and that "men accused of sexual misconduct should be presumed guilty." (Compl. ¶¶ 345-47).

*Second*, Plaintiff alleges that he disclosed to Title IX investigator Bill Spear that complainant physically assaulted him and that Spear's response "failed to comply with the requirements of the Rutgers Title IX Policy." (*Id.* ¶ 311). Not so. The Title IX Policy requires a Title IX Coordinator who receives a report of alleged prohibited conduct to notify the complainant of supportive measures and the option to file a formal complaint.[1] Plaintiff does not allege that Spear failed do either. And the allegation that Spear failed to report the allegation to a Title IX Coordinator (*id.* ¶ 151) is nonsensical because Spear *is himself* a Rutgers Title IX Coordinator.[2] Further, the Title IX Policy states that to trigger an investigation into alleged violations, "either the Complainant must submit a Formal Complaint . . . or a Title IX Coordinator must determine that an investigation is necessary in order to meet the University's obligations under Title IX."[3] Plaintiff has not alleged that he filed a formal complaint and neither Title IX nor the University's Title IX policy obligates the University to initiate a complaint on its own. Thus, Plaintiff's claim that the University failed to comply with the Title IX Policy is without merit.[4]

*Third*, Plaintiff's assertion that Rutgers was under pressure in light of the DCL or a campus survey does not save his claim. "[E]xternal pressure alone is not enough. Rather, in the cases where public pressure was found to support claims of erroneous outcome, that public pressure targeted the specific disciplinary action being challenged." *Verdu*, 2020 WL 1502849, at *5 (internal quotations omitted). In *Verdu*, the court rejected plaintiff's allegations of gender bias based on external pressures because he failed to "point to any public pressure directed at any single individual involved in his specific case" and instead asserted general allegations about federal investigations and criticisms of an academic department. *Id.* So too here where Plaintiff offers no connection between the alleged pressures and his specific case.[5]

---

[1] *See* https://uec.rutgers.edu/wp-content/uploads/60-1-33-current-4.pdf.
[2] *See* https://uec.rutgers.edu/programs-2/title-ix/coordinators/.
[3] The University's obligations under its Title IX Policy are consistent with its obligations under the Title IX federal regulations. *See* 34 C.F.R. § 106.44.
[4] Alleged errors in the Title IX process are, on their own, insufficient to plausibly establish that any alleged unfavorable treatment was due to Plaintiff's sex. *Doe v. Princeton Univ.*, 790 F. App'x 379, 384 (3d Cir. 2019).
[5] The DCL was issued over 12 years ago with two intervening presidential administrations and a significant overhaul of Title IX regulations occurring since. It is implausible that the University's conduct was in affected by the DCL, which was rescinded in 2017.

2. *Plaintiff fails to allege that any female student facing sufficiently similar circumstances was treated more favorably by Rutgers.* A "selective enforcement" claim requires that Plaintiff "demonstrate that a female was in circumstances sufficiently similar to his own and was treated more favorably by the University." *Doe v. Rider Univ.*, No. 3:16-CV-4882-BRM-DEA, 2018 WL 466225 at *8 (D.N.J. Jan. 17, 2018) (citation omitted). Plaintiff identifies no appropriate comparator and his Title IX claim should be dismissed. Plaintiff alleges that Rutgers investigated the allegations against him, while failing to respond similarly to his allegations against complainant; however, Plaintiff fails to allege that he and complainant were similarly situated. In *Rider*, the court held that allegations that a university charged a male respondent with sexual assault but not a female complainant was not evidence of gender-based discrimination where plaintiff failed to allege that he ever sought to file a complaint against the female complainant and was prevented from doing so. *Id.* at *11. The same result is warranted here. Plaintiff asserts that complainant's "repeated spreading of false rumors" about him was never reported to or investigated by the Title IX Office. (Compl. ¶ 307). But the alleged conduct directed at Plaintiff was not gender-based harassment under Title IX. *See, e.g.*, *Doe v. Haverford Coll.*, No. CV 23-299, 2023 WL 5017964, at *6 (E.D. Pa. Aug. 7, 2023) ("A false accusation of sexual assault is simply not, by its nature, harassment based on sex, even though the underlying conduct alleged is obviously sexual in nature.") (collecting cases holding same).

3. *Allegations regarding procedural errors or irregularities are insufficient to support Plaintiff's claim.* Plaintiff relies on allegations of procedural errors and irregularities but, without facts suggesting that gender bias was a motivating factor behind the alleged erroneous finding, such allegations are insufficient. Plaintiff alleges that the decision-maker hired by Rutgers had a conflict of interest because she and her prior law firm had represented Rutgers in different matters in the past. (Compl. ¶¶ 159-66). He similarly alleges that his appeal was improperly handled because it was decided by Rutgers administrator Francesca Maresca, who he alleges had a conflict of interest because she was "personal friends" with Amy Miele, Director of the Title IX Office and Title IX Coordinator. (*Id.* ¶ 278). Plaintiff's sole support for this assertion is that Maresca once congratulated Miele via Facebook on obtaining her Ph.D. (*id.* ¶ 279) and thus "would be prone to affirming Title IX decisions and sanctions issued by Rutgers regardless of their validity." (*Id.* ¶ 284). These allegations are wholly conclusory and without merit.[6] Finally, Plaintiff's allegation that "Rutgers construed all inconsistencies in [complainant's] favor," (*id.* ¶ 313) is belied by Plaintiff's Complaint in which he details *five* instances where the decision-maker found that complainant's claims were not credible. (*Id.* ¶¶ 258-263).

C. **Conclusion**

For the foregoing reasons, Plaintiff's Complaint should be dismissed. Per the Court's procedures, Rutgers respectfully requests a pre-motion conference to attempt to resolve these issues.

---

[6] The Preamble to the Title IX regulations explicitly states that a university can comply with the regulations by utilizing its own employees in Title IX proceedings and "declines to require recipients to use outside, unaffiliated Title IX personnel" in order to avoid conflicts of interest. *See* Preamble at 30251-30252.

January 22, 2024
Page 4

        Respectfully submitted,

        *Amy Piccola*

        Amy L. Piccola