

Warshaw Burstein, LLP                                          Kimberly C. Lau, Esq.
575 Lexington Avenue                                          Partner
New York, NY  10022                                          klau@wbny.com
(212) 984-7700

                                                January 26, 2024

**VIA ECF**
Hon. Zahid N. Quraishi
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

>        Re:      **Doe v. Rutgers, Civ. No. 23-22385 (ZNQ)(DEA)**

Dear Judge Quraishi:

        We represent Plaintiff John Doe in the referenced matter and write in response to the request for a pre-motion conference by Rutgers, the State University of New Jersey ("Rutgers"). As detailed below, there is no basis for dismissing this matter.

>        A.       **John Has Sufficiently Alleged Anti-Male Gender Bias**

        Rutgers misleadingly fails to account for the multitude of examples of anti-male gender bias identified in the Complaint and improperly silos John's allegations regarding anti-male bias rather than viewing them as a whole. (Rutgers Letter at 1-2.)[1]  John alleges repeated and specific instances of anti-male bias **in addition to** the external pressure of the 2011 Dear Colleague Letter (the "2011 DCL")[2] (Complaint ¶ 335) and the internal pressure resulting from a large-scale campus survey administered in 2018 (Complaint ¶¶ 336-344).  The Complaint identifies an unambiguous pro-female, anti-male statement regarding allegations of sexual misconduct – "Believe Women. Period." – made by a Rutgers professor and supported by a Rutgers administrator, indicating a

---

[1] Rutgers's reliance on *Verdu v. Trustees of Princeton Univ.*, No. CV 19-12484 (FLW), 2020 WL 1502849 (D.N.J. Mar. 30, 2020), is also misplaced, as that case does not create an exhaustive list of factors that support gender bias.

[2] The Third Circuit has repeatedly and recently explained that the 2011 DCL remains a relevant component in analyzing the presence of gender bias in Title IX matters.  *See Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022) (explaining that the 2011 DCL "factors into the total mix of information supporting a plausible Title IX discrimination claim."); *Doe v. Univ. of Scis.*, 961 F.3d 203, 2011 (3d Cir. 2020) (finding that "allegations related to pressure applied by the 2011 Dear Colleague Letter" are a factor in determining whether discrimination in violation of Title IX has occurred).  Indeed, two cases cited by Rutgers state this very fact.  *Doe v. Rider Univ.*, No. 3:16-CV-4882-BRM-DEA, 2018 WL 466225 at *12 (D.N.J. Jan. 17, 2018); *Doe v. Princeton Univ.*, No. CV225887RKDEA, 2023 WL 8755232 at *7 (D.N.J. Dec. 19, 2023).

**January 26, 2024**
**Page 2 of 4**

campus culture of anti-male sentiment.  (*Id*. ¶¶ 96-103, 345-348.)  That same professor was also a mandatory reporter under the Title IX Policy who failed to contact the Title IX office when John made her aware of behavior by Jane Roe that violated the Stalking provision of the Title IX Policy. (*Id*. ¶¶ 19-24, 27-30, 60, 63, 107-109, 124-131.)  John alleges he informed at least five other mandatory reporters at Rutgers of conduct by Jane that violated the Stalking and Dating Violence provisions of the Title IX Policy and that these individuals failed to report Jane's actions to the Title IX office.  (*Id*.  ¶¶ 19-30, 61-62, 88-91, 104-109, 124-131, 148-152.)[3]  The Complaint also asserts that Rutgers actively encouraged Jane to file a Title IX report against John and went so far as to file a Title IX report against John on Jane's behalf even though she explicitly told Rutgers she did not want to initiate a Title IX process.  (Complaint ¶¶ 132-135.)

Contrary to Rutgers's misguided claim, the Third Circuit has held that a plaintiff's failure to allege that he filed a formal complaint to trigger a Title IX investigation cannot be used as a basis for dismissing a Title IX claim.  *See Doe v. Princeton Univ.*, 30 F.4th at 344 (finding district court determination that plaintiff's failure to allege that he filed a formal complaint warranted dismissal improper and overturning dismissal of Title IX claim).  Rutgers's attempt to reframe John's allegations regarding Jane Roe's behavior as mere rumor spreading that does not rise to the level of gender-based misconduct must also fail. (Rutgers Letter at 3.)  As explained by the Third Circuit, such an argument "misses the mark" because the Complaint actually alleges that Jane engaged in Stalking and Dating Violence as defined by the Title IX Policy that was never investigated by Rutgers.  *See Doe v. Princeton Univ.*, 30 F.4th at 344 (rejecting university mischaracterization of plaintiff's claims and reinstating Title IX claim where plaintiff alleged violations of university policy that went uninvestigated); (Complaint ¶¶ 19-30, 60-63, 88-91, 104-109, 124-131, 148-152) (detailing behavior by Jane that violated Rutgers Title IX Policy that was relayed by John to Rutgers mandatory reporters who failed to report Jane's violations which were subsequently never investigated).  Indeed, the Third Circuit has unequivocally held that when a plaintiff "has plausibly alleged that he reported a violation that was not investigated . . . that, in turn, plausibly supports the inference that sex was a motivating factor in" the investigation at issue. *Doe v. Princeton Univ.*, 30 F.4th 335 at 345.  The same allegations exist here.

B.      **John's Allegations Of Procedural Irregularities Support His Title IX Claim**

The Complaint details the unreported conflict of interest that existed when Rutgers chose

---

[3] Ignoring five of the six instances where Rutgers employees improperly disregarded their obligation to report Jane's conduct, Rutgers focuses only on Bill Spears. (Rutgers Letter at 2.)  Rutgers falsely asserts that Spears was a Rutgers Title IX Coordinator when John reported Jane's misconduct. (*Id*.)  Spears is not listed as a Title IX coordinator on the archived version of Rutgers' website captured on February 8, 2023. https://web.archive.org/web/20230208043917/https://uec.rutgers.edu/programs-2/title-ix/coordinators/ (last visited January 25, 2024).  Rather, he first appears listed as a Title IX Coordinator in the web-capture dated June 4, 2023, indicating that he was elevated to Title IX Coordinator sometime between February 8, 2023, and June 4, 2023. (*Id*.) John reported Jane's misconduct to Spears on December 16, 2022, a time when he was still only a Title IX Investigator and a mandatory reporter. (Complaint ¶¶ 149-151.)  However, even if Spears were a Title IX Coordinator at this time, it would serve as further evidence of anti-male bias by Rutgers as he never asked John if he wanted to file a report and did not file a report on John's behalf.  Jackie Moran, a Title IX Coordinator during the relevant time, asked Jane if she wanted to file a report against John and filed a report on Jane's behalf when Jane refused. (*Id*. ¶¶ 132-135.)

Tricia B. O'Reilly as the decision-maker. (Complaint ¶¶ 159-170.) The Complaint further asserts that two witnesses who testified on Jane's behalf were tainted by prior statements made by Rutgers professors that assumed John's guilt. (*Id.* ¶¶ 171-173.) O'Reilly also prevented John from presenting highly relevant evidence that would have negatively impacted the credibility of Jane and one of her witnesses. (*Id.* ¶¶ 174-182.) The Complaint also notes the improper procedural rulings made by O'Reilly during the Title IX hearing that consistently favored Jane. (*Id.* ¶¶ 183-189.) In the Title IX decision, O'Reilly construed all inconsistencies and contradictions in a manner that favored Jane. (*Id.* ¶¶ 190-265.) Even when she was forced to acknowledge false or unsubstantiated claims made by Jane, O'Reilly did not in any way penalize Jane. (*Id.* ¶¶ 257-264.)[4] When combined with the specific allegations of anti-male gender bias detailed in the Complaint, it is clear that John's allegations describing the procedural irregularities in the Rutgers Title IX process foreclose dismissal of his Title IX claim. *Doe v. Princeton Univ.*, 30 F.4th at 343-345.

###    C.    Rutgers Impermissibly Seeks To Apply An Outdated Doctrinal Framework

The Third Circuit has clearly and definitively abandoned the so-called doctrinal framework utilized by other circuits where plaintiffs are required to plead their Title IX claims as erroneous outcome, selective enforcement, deliberate indifference, or archaic assumptions. *See Univ. of Scis.*, 961 F.3d at 209 (abandoning the use of doctrinal tests in Title IX cases). Indeed, in *Univ. of Scis.*, the Third Circuit held, "to state a claim under Title IX, the alleged facts, if true, must support a plausible inference that a federally-funded college or university discriminated against a person on the basis of sex." *Id.* While plaintiffs are free to characterize their claims however they wish, courts in the Third Circuit are not permitted to apply the heightened pleading standard that comes with the now-abandoned doctrinal framework. *Id.* Accordingly, Rutgers's reliance on *Rider Univ.*, an unpublished decision issued prior to the Third Circuit's abandonment of the doctrinal framework, is completely misplaced.[5] Regardless, as detailed above, the Complaint adequately identifies Jane as a female comparator who was treated differently than John.

Based on the foregoing, there is no basis for dismissing the Complaint in this matter. Indeed, the Third Circuit's decision in *Doe v. Princeton Univ.*, 30 F.4th 335 (3d Cir. 2022), shows that any motion to dismiss filed by Rutgers would be futile. Rutgers was undoubtedly aware of this highly relevant case when it made the instant request. The fact that Rutgers failed to bring this case to the Court's attention indicates an intent to engage in a "the process is the punishment" brand of litigation by filing a frivolous motion to dismiss. Such behavior (by an arm of the State of New Jersey, no less) should not be countenanced by this Court.

Your Honor's attention to this matter is greatly appreciated.

---

[4] In offering a disingenuous characterization of this portion of the Complaint, Rutgers conveniently refrains from citing Paragraphs 257 and 264 which offer necessary context to John's allegations. (Rutgers Letter at 3.)

[5] Rutgers has offered an incorrect summary of *Rider Univ.*, further undermining its improper reliance on an irrelevant case. (Rutgers Letter at 3.) The plaintiff in *Rider Univ.* did not assert he was similarly situated to his female accuser; rather, he claimed that another male student also accused by the female complainant was an appropriate comparator for the purposes of establishing a selective enforcement claim. *Rider Univ.*, 2018 WL 466225 at *11.

**January 26, 2024**
**Page 4 of 4**

**Respectfully submitted,**

**By:** /s/ Grant R. Cornhels
    **Grant R. Cornhels, Esq.**

        **-and-**

**By:** _____
    **Kimberly C. Lau, Esq. (*pro hac vice*)**
    **Warshaw Burstein, LLP**
    **575 Lexington Avenue**
    **New York, New York 10022**
    **(212) 984-7700**
    **klau@wbny.com**