UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X
**JOHN DOE,**

       **Plaintiff,**

       -against-

**RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY**

       **Defendant.**
---------------------------------------------------------X

Case No: 3:23-cv-22385-ZNQ-JTQ

Report of the Parties' Planning Meeting Pursuant to FRCP 26(f) and Proposed Joint Discovery Plan

Conference Date: November 19, 2024

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D.N.J. Local Civil Rule 26, the parties conferred on November 19, 2024. The participants were:

   for the Plaintiff:                James Figliozzi

   for the Defendant:            Amy Piccola and Levi Schy

**I.    CERTIFICATION**

The parties certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    BRIEF STATEMENT OF FACTS AND LEGAL ISSUES**

   A.    <u>Plaintiff's Position</u>

Plaintiff is a former student at Rutgers who was wrongly found responsible for Stalking and Dating Violence as defined by Rutgers' Title IX Policy based on false allegations levied against him

by an ex-girlfriend, Jane Roe. When Plaintiff informed Rutgers that Jane engaged in Stalking and Dating Violence against him, Rutgers failed to investigate or otherwise take any action against Jane. Rutgers' improper finding of responsibility against John and its failure to investigate Jane's misconduct were motived by anti-male bias. Accordingly, Rutgers' discriminatory conduct violated Title IX of the Education Amendments of 1972. As a result of Rutgers' improper and illegal actions, John sustained damages, including, but not limited to, loss of educational and career opportunities, economic injuries, and other direct and consequential damages.

  B.  <u>Defendant's Position</u>

The University is committed to maintaining an environment that is free from unlawful discrimination and denies that it engaged in any conduct motivated by anti-male-bias.

Plaintiff was formerly enrolled at Rutgers (for the 2021-2022 academic year and for part of the Fall 2022 semester). During the period of his enrollment, Plaintiff was the subject of multiple reports by students that said that Plaintiff had engaged in misconduct that violated the University's policies, including Rutgers' Title IX Policy and Grievance Procedures ("Title IX Policy"). One such report was submitted during the Fall 2022 semester by one of Plaintiff's female classmates, identified in this litigation as "Jane Roe." Jane Roe reported to the Title IX Office that Plaintiff engaged in physical violence against her in the context of their romantic relationship and that Plaintiff followed Jane Roe and engaged in other behaviors on and around campus that made Jane Roe feel unsafe.

Also during the Fall 2022 semester, several of Plaintiff's classmates reported that they were uncomfortable being physically present in the same place as Plaintiff. Plaintiff was also the subject of several faculty "concern reports" that identified concerns about, among other things, Plaintiff's academic performance and behavior. During this period, Plaintiff told certain Rutgers faculty that he had concerns about his classmates' reactions to his potential presence in the classroom. Those

complaints were not grounded in potential violations of the Title IX Policy. Nevertheless, the University offered Plaintiff resources and information regarding how to report his concerns to the appropriate authorities at the University. Plaintiff withdrew from the University on October 2, 2022.

In response to the report by Jane Roe, and in accordance with the Title IX Policy, Rutgers' Title IX Coordinator initiated a formal complaint against Plaintiff and proceeded with an investigation and adjudication. During the course of the investigation, Plaintiff was given the opportunity not only to respond to Jane Roe's allegations, but to access University support resources, and to file a formal complaint against Jane Roe for any conduct he allegedly experienced (Plaintiff declined that option). Ultimately, Plaintiff was found responsible for Dating Violence and Stalking in violation of the Title IX Policy and was sanctioned with a two-year suspension from the University. Plaintiff appealed the University's decision, which appeal was denied by an appellate officer.

Concurrent with the proceedings regarding Jane Roe's report, Plaintiff was subject to a separate formal complaint under the Title IX Policy, filed by a different student and unrelated to the circumstances forming the basis for Jane Roe's report. In response to the separate Title IX complaint, Plaintiff entered into an alternative resolution agreement whereby he agreed to withdraw from the University and promised not to seek reenrollment.

### III. CASE MANAGEMENT PLAN

####  A. Discovery Conducted to Date

To date, the parties have not conducted any discovery.

#### B. Discovery Problems Encountered to Date

To date, the parties have not encountered any discovery problems.

#### C. The Anticipated Scope of Discovery

Discovery will be sought regarding Plaintiff's claims, Defendant's defenses, and Plaintiff's damages. *See also* Section III. K., *infra*.

  D. <u>Computer-Based and Digital Discovery</u>

The parties both intend to request and produce computer-based or other digital information, collectively referred to as electronically-stored information ("ESI"). To that end, the parties have engaged in the meet and confer process outlined in Local Civil Rule 26.1(d)(3). The parties have discussed the general categories of ESI to be exchanged. The parties have also agreed to engage in the appropriate preservation of ESI. The parties have agreed to discuss in good faith, the form in which ESI shall be produced, the custodians from whom ESI shall be obtained, search terms to be applied in connection with the retrieval and production of ESI, the location and format of ESI, and any other issues that may arise regarding discovery of ESI. The parties will be negotiating an agreement detailing the protocol in which ESI will be searched for, retrieved, and produced. Discovery of ESI will be addressed in the parties' respective discovery requests. Restoration of deleted ESI may be necessary, and backup data may be within the scope of discovery. The parties will adhere to the procedure set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure to deal with the inadvertent production of privileged information. The parties will bear their own costs for preserving, producing, and restoring (if necessary) any ESI in their possession, custody, or control.

  E. <u>Changes in Limitations by the Federal Rules of Civil Procedure, Local Rules, or Standing Orders</u>

None at this time.

  F. <u>Confidentiality Order</u>

Rutgers intends to seek a confidentiality order related to the contemplated production of certain documents, including, but not limited to, its current and former students' personally

identifiable information ("PII"), student records, and records related to Title IX or other conduct proceedings.

The parties have also discussed protocols for the production of information—specifically current and former students' PII in education records—protected by the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g.

G. Alternative Dispute Resolution

At this time, the parties do not believe that this case can be resolved by voluntary arbitration, mediation, the appointment of a special master, or any other special procedure. However, the parties will revisit the possibility of pre-trial resolution as discovery progresses.

H. Limitations on Discovery Devices

At this time, the parties do not believe that there should be any limitation placed upon the use of any discovery device. The parties reserve the right to request limitations on discovery devices in the event that the necessity for such a limitation becomes apparent in the course of discovery.

I. Special Discovery Needs

Other than the agreements and processes outlined in Section III. D., *supra*, the parties do not currently have any special discovery needs.

J. The Parties' Further Discovery Needs

None at this time.

K. Discovery

    1. The parties have considered the scope of discovery permitted under Fed R. Civ. P. 26(b)(4).

    2. Discovery will not be conducted in phases.

3. Plaintiff anticipates that he will require a total of approximately 10 depositions of fact witnesses and Defendant anticipates that they will require a total of approximately 10 depositions of fact witnesses.

4. At this time, neither party anticipates requesting permission to serve more than 25 interrogatories, but the parties reserve the right to make such a request at a later date.

5. Both parties anticipate calling expert witnesses at trial.

L. <u>Proposed Discovery Deadlines</u>

1. Deadline for Mandatory Disclosures – December 3, 2024.

2. Deadline for Joining Parties/Amending Pleadings – December 27, 2024

3. Completion of Fact Discovery – August 1, 2025

4. Identification of Case-in-Chief Experts – August 29, 2025

5. Identification of Rebuttal Experts – September 26, 2025

6. Exchange of Case-in-Chief Expert Reports – October 31, 2025

7. Exchange of Rebuttal Expert Reports – December 1, 2025

8. End Date for All Discovery (Including Expert Depositions) – January 30, 2026

9. Deadline for Filings Motions for Summary Judgment – February 27, 2026

10. Trial Readiness Date – May 4, 2026 (or three months after the Court's decision on dispositive motions, whichever date is later).

THE PLAINTIFF

By: /s/ Grant R. Cornehls            Date: November 26, 2024

Kimberly C. Lau (Admitted *pro hac vice*)
Grant R. Cornehls (GC-6123)
James Figliozzi (Admitted *pro hac vice*)
Warshaw Burstein LLP
575 Lexington Avenue
New York
New York, NY 10021
(212) 984-7700
klau@wbny.com
gcornehls@wbny.com
jfigliozzi@wbny.com

THE DEFENDANT

By: /s/ Amy L. Piccola            Date: November 26, 2024
Amy L. Piccola (NJ Bar ID No. 012682008)
James A. Keller (NJ Bar ID No. 020991996)
Levi R. Schy (Admitted *pro hac vice*)
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-8405
Amy.Piccola@saul.com
James.Keller@saul.com
Levi.Schy@saul.com